IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALDO MARTINEZ ARMENDARIZ,         )
                                  )
              Petitioner,         )
                                  )
    v.                            )       Case No. 24-3106-JWL
                                  )
MERRICK GARLAND, Attorney General; )
ALEJANDRO MAYORKAS, DHS Secy.;    )
LeDEON FRANCIS, ICE Field Office Dir.; )
    and                           )
JACOB WELSH, Administrator,       )
    Chase County Detention Center, )
                                  )
              Respondents.        )
                                  )
_____)

## ORDER TO SHOW CAUSE

Petitioner, an alien who is being detained pending removal, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he claims that the federal Government should be required to hold a bond hearing. The Court has examined the record and finds that a responsive pleading is required.

The Court has twice rejected habeas petitions by this petitioner. First, petitioner claimed that he was being detained beyond the 90-day period in which removal must be effected, but the Court denied the claim because petitioner's appeal from the removal order was not yet resolved, and thus the 90-day statutory period had not yet begun. The Court denied the second petition when petitioner failed to respond to the Court's show-cause order. In that show-cause order, the Court noted that petitioner had not shown that release

was an appropriate remedy for a disclosure violation by the Government; and it further noted that it lacked jurisdiction to review a final removal order (and thus to order that petitioner be granted asylum).

Petitioner appears to have asserted a justiciable habeas claim by the instant petition, however, in which petitioner claims that due process requires that he receive a bond hearing. Petitioner concedes that his appeal from his February 2024 removal order is presently pending; thus, the order has not become administratively final, and the 90-day removal period – during which an alien must be detained – has not yet begun. *See* 8 U.S.C. § 1231(a)(1)-(2). The applicable statute, 8 U.S.C. § 1226, provides that during the pre-removal period, an alien may be released on bond unless he has committed one of a list of certain offenses, in which case the alien must be detained and may not be released (except for witness protection purposes). *See id.* § 1226(a), (c). In this case, petitioner was detained because he had committed an aggravated felony,[1] and thus Section 1226(c) prohibits petitioner's release. The Supreme Court has interpreted Section 1226(c) not to contain any implicit duration limits or other exceptions to mandatory detention for such aliens. *See Jennings v. Rodriguez*, 583 U.S. 281, 296-312 (2018). The Supreme Court has also held that that requirement is constitutional in light of the limited period during removal proceedings. *See Demore v. Kim*, 538 U.S. 510, 529-31 (2003). Since the time *Demore* and *Jennings* were decided, however, some courts have considered various factors and addressed claims that mandatory detention under Section 1226(c) may become

---

[1] According to petitioner, he was convicted of second degree murder and armed criminal action.

unconstitutionally prolonged. *See Moreno-Bastidas v. Barr*, 2020 WL 3639774, at *8-10 (D. Kan. July 6, 2020) (Lungstrum, J.) (discussing cases); *see also, e.g.*, *Jalloh v. Garland*, 2023 WL 3690252 (W.D. Okla. May 26, 2023). Moreover, the Supreme Court has confirmed that such a claim attacking the constitutionality of the application of Section 1226(c) may be reviewed by courts. *See Jennings*, 583 U.S. at 292-95.

The Court construes the instant petition to include just such a claim here, as petitioner asserts that due process requires that he receive a bond hearing. Moreover, petitioner has been in pre-removal custody for almost two years. *Cf. Moreno-Bastidas*, 2020 WL 3639774, at *10 (petitioner who had been in detention only a little over five months had not shown that his detention under Section 1226(c) had become unreasonable or unjustified). Accordingly, respondents should in their answer address this claim that due process now requires a bond hearing.[2]

IT IS THEREFFORE ORDERED BY THE COURT THAT respondents are hereby required to show cause on or before **July 19, 2024**, why the writ should not be granted; and that petitioner is granted until **August 9, 2024**, to file a traverse thereto, admitting or denying under oath all factual allegations contained in the response. Copies of this Order shall be transmitted to the petitioner and to the United States Attorney for the District of Kansas.

---

[2] In their answer, respondents should also include any response to petitioner's pending motion for appointment of counsel.

IT IS SO ORDERED.

Dated this 28th day of June, 2024, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge
